UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE PAVERS AND ROAD BUILDERS DISTRICT COUNCIL WELFARE, PENSION, ANNUITY AND APPRENTICESHIP, SKILL IMPROVEMENT AND SAFETY FUNDS AND THE HIGHWAY, ROAD AND STREET CONSTRUCTION LABORERS LOCAL UNION 1010, | 15 CV 6593 |
| Plaintiffs, | **COMPLAINT** |
| -against- | |
| REET CONSTRUCTION CORP., | |
| Defendant. | |

Plaintiffs, by their attorneys, Virginia & Ambinder, LLP, allege as follows:

## NATURE OF THE ACTION

1. This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA") of 1974, as amended, 29 U.S.C. §§ 1132(a)(3), 1145, and Section 301 of the Labor-Management Relations Act ("LMRA") of 1947, 29 U.S.C. § 185, by multiemployer welfare and pension funds through their respective Boards of Trustees, and by a labor union, to collect delinquent employer contributions to employee benefit plans and dues check-offs and other contributions that an employer was required to withhold from its employees' pay and forward to the union.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to Sections 502(e)(1) and (f) and 515 of ERISA, 29 U.S.C. §§ 1132(e)(1) and (f) and 1145; Section 301 of the LMRA, 29 U.S.C. § 185; and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301 of the LMRA, 29 U.S.C. § 185.

## THE PARTIES

4. Plaintiffs Trustees of the Pavers and Road Builders District Council Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Safety Funds (the "Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with section 302(c) of the LMRA, 29 U.S.C. § 186(c). The Funds are employee benefit plans within the meaning of section 3(3) of ERISA, 29 U.S.C. § 1002(3), and are administered at 17-20 Whitestone Expressway, Suite 200, Whitestone, New York 11357.

5. Plaintiff The Highway, Road and Street Construction Laborers Local Union 1010 (the "Union") is a labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in Section 502 of the LMRA, 29 U.S.C. § 142, and Section 3(4) of ERISA, 29 U.S.C. § 1002(4). The Union maintains its principal place of business at 17-20 Whitestone Expressway, Suite 200, Whitestone, New York 11357.

6. Upon information and belief, defendant Reet Construction Corp. ("Reet") is a corporation incorporated under the laws of the State of New York, with its principal

place of business at 6 Joel Place, Port Washington, New York 11050 engaged in the construction business.

## FACTS

7. At relevant times herein, Reet was a party to, or manifested an intention to be bound by, a collective bargaining agreement (the "Agreement") with the Union.

8. The Agreement requires Reet to make specified hourly contributions to the Funds (including amounts for related entities on behalf of which they act as collection agents) in connection with all work performed in the trade and geographical jurisdiction of the Union.

9. The Agreement requires Reet to contribute to the Funds and related entities on behalf of which they act as collection agents on or before the 35th day after the close of a calendar month in amounts determined by multiplying specified hourly contribution rates by the number of hours of employment of Reet employees within the trade and geographical jurisdiction of the Union ("Covered Work").

10. The Agreement further requires Reet, *inter alia*, to report to the Funds the number of hours of Covered Work performed by each employee and to furnish their books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions.

11. The Agreement provides that if the Funds conduct a payroll audit which reveals unreported and delinquent benefit contributions, the employer is liable for the cost of the audit.

12. Pursuant to the Agreement, if an employer fails to pay fringe benefits when due, the employer is liable to the Funds for interest on the amount of unpaid fringe benefits at an annual rate of 10%.

13. Pursuant to the Agreement, in the event the Trustees are required to employ an attorney to collect the fringe benefits due and owing, Reet is obligated to pay to the Funds its attorneys' fees.

14. The Agreement further provides, *inter alia*, "The Employer is bound by all of the terms and conditions of the Agreements and Declarations of Trust with respect to the Welfare Fund, Pension Fund, Training Fund and Annuity Fund, which Agreements and Declaration of Trusts are hereby made part of this Agreement and are incorporated herein."

15. The Trust agreements provide that in operating and administering the Fund, the Board of Trustees shall have the power to "establish the policy and rules pursuant to which this Agreement and Plan are to be operated and administered, including the rules relating to the collection of contributions and other payments."

16. Pursuant to the Trust agreements, the Trustees of the Funds have promulgated a Policy for Collection of Delinquent Fringe Benefit Contributions ("Collection Policy"). Accordingly, Reet is bound to the terms of the Collection Policy.

17. Article II of the Collection Policy provides that if Reet fails to make contributions when due, Reet is liable to the Funds for liquidated damages of 20% of the amount of the unpaid contributions.

18. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes this Court to enforce the Agreement. In addition, section 515 of ERISA provides that "[e]very

employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

19. A dispute arose between the parties during the period of the Agreement when Reet failed to pay 320 hours of contributions and union assessments to the Funds on behalf of Steven Esposito.

20. In contravention of the Agreement, Reet failed to comply with the Funds request to perform an audit.

21. In contravention of the Agreement, Reet failed to submit reports and contributions for August 2014 through the present.

22. Pursuant to the Agreement and section 502(g)(2) and 515 of ERISA, 29 U.S.C. §1132(g)(2) and 1145, Reet is liable to the Funds for 320 hours of contributions and union assessments on behalf of Steven Esposito, contributions in an unknown amount for the period August 2014 through the present, and to submit to an audit for the period April 1, 2013 through the present and to pay any delinquent contributions found in such audit, plus interest thereon at a rate of ten percent (10%) per annum, liquidated damages of 20% of the principal of the delinquency, audit costs, and all reasonable attorneys' fees, expenses, and costs incurred by the Funds in collecting the delinquencies.

## **FIRST CLAIM FOR RELIEF**

23. Plaintiffs repeat the allegations set forth in paragraphs 1 through 22 above and incorporated them herein by reference.

24. At relevant times, Reet was a party to, or manifested an intention to be bound by, the Agreement with the Union.

25. The Agreement required Reet to make specified hourly contributions to the Funds (including amounts for related entities on behalf of which they act as collection agents) in connection with all work performed in the trade and geographical jurisdiction of the Union.

26. Defendant contravened both the Agreement and section 515 of ERISA by its failure to pay 320 hours of contributions and union assessments to the Funds in connection with Covered Work performed by Steven Esposito.

27. Accordingly, under section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and/or under the Agreement and/or the documents and instruments governing the Funds, Defendant is liable to the Funds for 320 hours of contributions and union assessments for Covered Work performed by Steven Esposito, plus interest, liquidated damages and all reasonable attorneys' fees, expenses, and costs incurred by the Funds in prosecuting this suit.

## SECOND CAUSE OF ACTION

28. Plaintiffs repeat the allegations set forth in paragraphs 1 through 27 above and incorporated them herein by reference.

29. At relevant times, Reet was a party to, or manifested an intention to be bound by, the Agreement with the Union.

30. The Agreement required Reet to make specified hourly contributions to the Funds (including amounts for related entities on behalf of which they act as collection

agents) in connection with all work performed in the trade and geographical jurisdiction of the Union.

31. The Agreement further required Reet to report to the Funds the number of hours of Covered Work performed by each employee.

32. Defendant contravened both the Agreement and section 515 of ERISA by its failure to remit reports and contributions for the period August 2014 through the present.

33. Accordingly, under section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and/or under the Agreement and/or the documents and instruments governing the Funds, Defendant is liable to the Funds for delinquent contributions and union assessments in an unknown amount for the period August 2014 through the present, plus interest, liquidated damages and all reasonable attorneys' fees, expenses, and costs incurred by the Funds in prosecuting this suit.

### THIRD CAUSE OF ACTION

34. Plaintiffs repeat the allegations set forth in paragraphs 1 through 33 above and incorporated them herein by reference.

35. At relevant times, Reet was a party to, or manifested an intention to be bound by, the Agreement with the Union.

36. The Agreement requires Reet to furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions.

37. Defendant contravened both the Agreement and section 515 of ERISA by its failure to submit to an audit of its books and payroll records for the period April 1, 2013 through the present when requested by the Funds.

38. Accordingly, under section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and under the Agreement and/or the documents and instruments governing the Funds, Defendant is liable to the Funds to submit to an audit for the period April 1, 2013 through the present and to pay any delinquent contributions found in such audit, interest from the due dates through the date of judgment, liquidated damages, audit fees, and all reasonable attorneys' fees, expenses, and costs incurred by the Funds in prosecuting this suit.

WHEREFORE, plaintiffs respectfully request that this Court:

(1) Award judgment to Plaintiffs in an amount to be determined at trial for contributions and union assessments owed for the 320 hours of Covered Work performed by Steven Esposito, plus interest and liquidated damages;

(2) Award judgement to Plaintiffs in an amount to be determined at trial for contributions owed for the period August 2014 through the present, plus interest and liquidated damages;

(3) Award judgment to Plaintiffs ordering Defendant to permit an audit of the books and records for the period April 1, 2013 through the present and to pay any delinquent contributions found in such audit, plus interest, liquidated damages, and audit fees;

(4) Award Plaintiffs all reasonable attorneys' fees, expenses and costs that they incur in prosecuting this suit; and

(5) Award Plaintiffs such other and further relief as is just and proper.

Dated: New York, New York
       November 17, 2015

                                        VIRGINIA & AMBINDER, LLP

                                        By: ___s/_____
                                            Charles Virginia
                                            Nicole Marimon
                                            40 Broad Street, 7th Floor
                                            New York, New York 10004
                                            (212) 943-9080
                                            *Attorneys for Plaintiffs*